### LOUISVILLE & NASHVILLE R. CO. *v.* LUTHER G. HALL.

**Judgment—Collection of Judgment Against Corporation.**

> The holder of a judgment against a railroad corporation may compel the company or its officers and agents to disclose and surrender its property, choses in action or equitable or legal interests which it may own or which are held by or for it by strangers.

**Attachment.**

> In the collection of a judgment against a railroad corporation it is error for the court to award an order of attachment against the president and directors of the company, without first bringing them into court as garnishees and ascertaining whether they had money or property of the defendant in their possession or under their control.

#### APPEAL FROM NELSON CIRCUIT COURT.

April 27, 1876.

OPINION BY JUDGE LINDSAY:

This is a suit in equity to enforce the judgment rendered in the ordinary action of *Luther G. Hall v. Louisville & Nashville and Great Southern Railroad Co.*, which judgment we have this day affirmed. The defendant is styled "The Louisville & Nashville & Great Southern Railroad Company, alias The Louisville & Nashville Railroad Company." As it declined in the ordinary action to disclose its true name, it cannot complain that the appellee has not yet learned what it is. The question of names, however, can cut no figure in this proceeding. That question is concluded by the course pursued by the appellant in the ordinary action.

The appellee has the right to enforce the collection of its judgment at law, by compelling the company or officers or agents to disclose and surrender any property, choses in action, or equitable or legal interest in any property, which it may own, or they may hold for it, and to disclose the existence of any such property, held by or for it, by strangers or persons now in his employ.

But it was error in this action to render a second judgment against the appellant. The judgment at law may be enforced, but a judgment in equity founded on that judgment is neither necessary nor proper. It was also error to award an order of attachment against the president and directors of the company, without first bringing them into court as garnishees, and ascertaining whether or not they had money or property of the defendant in their possession or under their control.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*William Johnson, for appellant.*
*Muir & Wickliffe, for appellee.*